UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
               -v.-                                         :     S6 04 Cr. 1036 (GEL)
                                                            :
COREY THOMPSON,                                             :     **OPINION AND ORDER**
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

  On February 3, 2006, a jury found defendant Corey Thompson guilty of one count of conspiracy to commit robbery and one count of robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951. On June 1, 2006, Thompson submitted a pro se motion for a new trial, on various grounds, which the Court received on June 8, 2006. In his motion, Thompson argues that the government failed to introduce sufficient evidence to support the finding that Thompson's crimes affected interstate commerce, that the indictment charged multiple conspiracies as a single conspiracy, and that the charged robberies did not involve "property" as defined by statute. For the following reasons, Thompson's motion will be denied.

  As a preliminary matter, Thompson's motion is untimely. A motion for a judgment of acquittal under Rule 29(c) or a motion for the arrest of judgment under Rule 34 must be filed within seven days of a guilty verdict. On motion of the defendants, the Court extended the deadline by twenty-one days in this case, to March 3, 2006. Thompson's letter was mailed on June 1, 2006, almost three months past the extended deadline.

  In any event, all of the arguments advanced by Thompson are without merit. However, before reaching the merits of Thompson's motion for a new trial, his submission raises another

small issue that should be addressed. Thompson states that the docket in this matter does not reflect his ever having been arraigned on the sixth superceding indictment. However, Thompson was arraigned on the sixth superceding indictment before this Court on January 5, 2006. (Tr. 2, 7-8, Jan. 5, 2006.) To the extent the record was unclear on that matter, it is now clear.

Now, proceeding to the merits of Thompson's motion, Thompson first argues that at trial the government "failed to adduce <u>any evidence</u> from which a rational jury could have made a finding that the jurisdictional element [of the Hobbs Act] (affect on interstate commerce) was satisfied." (Def. Mem. 3.) He is mistaken. The trial record is replete with evidence that the objects of the conspiracy and robbery of which Thompson was convicted were illegal narcotics and narcotics proceeds. Indeed, the government's sole theory of the case was that the defendants robbed drug dealers with the goal of obtaining drugs and drug money. Furthermore, while Thompson's argument on this point avoids any mention of drugs or drug proceeds, he acknowledges later in his submission that the charged conspiracy involved "narcotics proceeds and narcotics." (Def. Mem. 5.) Under the law of this Circuit, obtaining narcotics or the proceeds of narcotics trafficking affects interstate commerce. <u>See</u> <u>United States v. Fabian</u>, 312 F.3d 550, 558 (2d Cir. 2002). The jury in this case was instructed as such (Tr. 2285-86), and the question of whether drugs or drug money was in fact the object of the robbery or the conspiracy was appropriately left to their determination.

Thompson's argument regarding multiple conspiracies is similarly meritless. Count One of the indictment charged Thompson with a single conspiracy under the Hobbs Act, and the jury was properly instructed that if they found that Thompson was a member of a criminal conspiracy *other* than the one described in Count One, they must acquit him of the charges in Count One.

The question of the nature of the conspiracy and of Thompson's involvement was a fact question properly left to the jury, and the evidence at trial was sufficient to support their conclusion that Thompson was a member of the conspiracy charged in Count One.

Finally, Thompson argues that this Court lacked subject matter jurisdiction over the charges in the indictment. Of course, this is not really an argument about jurisdiction, in the sense of the power of the Court to resolve the case, but rather a claim that defendant is not guilty of robbery as defined in the Hobbs Act. This argument is based on his claim that the objects of the robberies at issue – narcotics and narcotics proceeds – are not "personal property" as defined by the Hobbs Act, because an individual does not have a property right in illegal drugs or drug money. This proposition is completely without support. Contraband can be, and often is, the subject of Hobbs Act robberies. "Robbery of contraband may . . . support a Hobbs Act conviction." United States v. Martinez, 83 F. Appx. 384 (2d Cir. 2003), vacated on other grounds by Calcano v. United States, 543 U.S. 801 (2004).[1] See also United States v. Jamison, 299 F.3d 114 (2d Cir. 2002) (upholding Hobbs Act conviction where object of robbery was proceeds from victim's illegal cocaine business). This accords with the rule at common law, where contraband can be the subject of a robbery. See 77 Corpus Juris Secundum, Robbery § 5. This is a specific application of the general rule that an individual can be robbed of something that is not her own property. See id. § 7.

In short, none of Thompson's arguments for a new trial has any merit. Accordingly, defendant's pro se motion for a new trial is denied.

---

[1] Although this decision is unpublished, this Court always finds the considered views of distinguished panels of the Court of Appeals instructive.

3

SO ORDERED.

Dated: New York, New York
       June 23, 2006

_____
GERARD E. LYNCH
United States District Judge